IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ARCHOVE NOORDHOEK and
STEPHANIE ORMSBEE                                                            PLAINTIFFS

v.                           Case No. 3:21-cv-00124-KGB

INDEPENDENCE COUNTY
SHERIFF'S DEPARTMENT, *et al.*                                              DEFENDANTS

## ORDER

Before the Court are the motions to dismiss of separate Independence County defendants Zachary Bailey, in his individual and official capacities, and Shawn Stephens, in his official capacity ("County Defendants") and separate Arkansas defendants Arkansas State Police, Colonel Bill Bryant, in his official capacity as the Colonel of the Arkansas State Police and Trooper Dustin Carpenter ("State Defendants").  County Defendants move to dismiss for insufficient service of process (Dkt. No. 15).  Plaintiffs Archove Noordhoek and Stephanie Ormsbee failed to respond timely to the County Defendants' motion to dismiss.  State Defendants move to dismiss under Eleventh Amendment immunity, sovereign immunity, insufficient service of process, and failure to state a claim (Dkt. No. 17).  Plaintiffs failed to respond timely to the State Defendants' motion to dismiss.  Also before the Court is State Defendants' motion to stay deadlines (Dkt. No. 21).  For the following reasons, the Court grants County Defendants' and State Defendants' motions to dismiss for insufficient service of process (Dkt Nos. 15, 17) and denies as moot State Defendants' motion to stay deadlines (Dkt No. 21).

   I.   **Background**

Plaintiffs filed their original complaint in this Court on July 2, 2021, and their operative amended complaint on February 16, 2022 (Dkt. Nos. 2, 9).  On August 1, 2022, this Court ordered

plaintiffs to show cause why the Court should not dismiss the operative complaint for plaintiffs' failure to serve timely defendants (Dkt. No. 11).  Plaintiffs have failed to show cause and have failed to respond to the County Defendants and State Defendants' motions to dismiss.

**II.     Analysis**

    **A.     Service Of Process**

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss the case by challenging the delivery method of a summons and complaint.  Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444–45 (1946).  Therefore, a defendant must receive valid service of process for a district court to exercise personal jurisdiction.  *Doshier v. Facebook, Inc.*, Case No. 4:18-CV-628-KGB, 2019 WL 4784898, at *3 (E.D. Ark. Sept. 30, 2019).  When the service of process is contested by the defendant, the plaintiff has the burden to prove proper service.  *Woolbright v. Tankinetics, Inc.*, Case No. 3:12-CV-3123, 2013 WL 5373614, at *2 (W.D. Ark. Sept. 25, 2013).

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  If the district court concludes that there is good cause for plaintiff's failure to serve within 90 days, it shall extend the time for service.  Fed. R. Civ. P 4(m).  "If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice."  *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).  A court may look to a plaintiff's reasonable efforts to effect service in determining whether

to grant a discretionary extension for service of process. *Brinkley v. City of Helena-West Helena, Ark.*, Case No. 2:11-CV-207-SWW, 2012 WL 5207595, at *5 (E.D. Ark. October 22, 2012).

Plaintiffs have the burden to prove proper service. Here, plaintiffs have failed to provide proof of service on defendants. Plaintiffs have failed to respond the Court's show cause Order to explain why they have not provided proof service. Moreover, plaintiffs have failed to respond to both County Defendants and State Defendants' motions to dismiss. While the Court may extend the time for service upon reasonable efforts to effect service, the Court cannot evaluate whether plaintiffs' efforts were reasonable where as here plaintiffs have failed to show any efforts. Thus, the Court dismisses without prejudice plaintiffs' claims against both the County Defendants and State Defendants for insufficient service of process. *See* Fed. R. Civ. P. 4(m).

### B. Other Grounds For Dismissal

State Defendants also move to dismiss plaintiffs' complaint and amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Eleventh Amendment immunity and sovereign immunity (Dkt. No. 17, ¶ 4). Additionally, State Defendants move to dismiss plaintiffs' complaint and amended complaint for failure to state a claim upon which relief may be granted (*Id.*, ¶ 6). Because the Court has dismissed all of the claims against State Defendants for insufficient service of process, the Court denies as moot State Defendants' motion to dismiss on these alternate bases.

### III. Conclusion

For these reasons, the Court grants County Defendants' motion to dismiss (Dkt. No. 15). Further, the Court grants in part and denies as moot in part State Defendants' motion to dismiss (Dkt. No. 17). Because the Court dismisses this action and enters Judgment, the Court denies as moot State Defendants' motion to stay deadlines (Dkt No. 21). It is therefore ordered that:

1. The Court grants County Defendants' motion to dismiss and dismisses without prejudice plaintiffs' claims in the complaint and the amended complaint for insufficient service of process (Dkt. Nos. 2, 9, 15).

2. The Court grants State Defendants' motion to dismiss and dismisses without prejudice the plaintiffs' claims in the complaint and the amended complaint for insufficient service of process (Dkt. Nos. 2, 9, 17).

3. The Court denies as moot the remainder of State Defendants' motion to dismiss.

4. The Court denies as moot State Defendants' motion to stay deadlines (Dkt No. 21).

So ordered this 6th day of February, 2023.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge